United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 05-30159

(Summary Calendar)

————————————

YVONNE ESTRAUDE,

Plaintiff - Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE, Ann M. Veneman, Secretary,

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
No: 2:03-CV-3377

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yvonne Estrade[1] ("Estrade") appeals the district court's grant of summary judgment on her

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The style spells appellant's name "Estraude." The briefs, however, indicate that the correct spelling is "Estrade."

claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Estrade alleged that she was discriminated against on the basis of her race, sex, age, and national origin when the Department of Agriculture ("the Department") failed to promote her on two separate occasions. The first instance stemmed from Estrade's non-selection for a Supervisory Analyst position. The second incident arose from Estrade not being placed on the Best Qualified List for a promotion to an Executive Director position. Applicants were asked to submit answers to five "Knowledges, Skills, and Abilities" ("KSAs") listed on the vacancy announcement. A selection panel then gave the applicants scores based on these KSAs. Estrade's scores were not high enough to qualify her for inclusion on the Best Qualified List. She also alleged that this second instance of failure to promote was retaliatory for earlier grievance complaints. The district court granted summary judgment to the Department on all claims.

We review a district court's decision to grant summary judgment *de novo*, applying the same standards as the district court. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004). Once the moving party has met the initial burden of demonstrating that there is no genuine issue of material fact, the nonmoving party bears the burden of producing evidence to demonstrate a genuine issue for trial. *Id.* (citing *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Estrade appeals only the discrimination and reprisal claims flowing from the Department's failure to place her on the Best Qualified List. She avers that the selection panel, when reviewing her application to be placed on the Best Qualified List, disregarded "relevant educational material." She argues that the district court erred when it did not view this failure to consider her educational qualifications in the light most favorable to her. *See DIRECTV Inc. v. Robson*, 420 F.3d 532, 536

-2-

(5th Cir. 2005) (stating the rule that when considering a motion for summary judgment, the district court must "consider the evidence in the light most favorable to . . . the nonmovant").

A Title VII discrimination claim is governed by a three-step, burden-shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). "First a plaintiff must raise a genuine issue of material fact on each element of his prima facie case." *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003). To establish a prima facie case, the plaintiff must demonstrate that "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated." *Rutherford v. Harris Co., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999). Once the prima facie case is established, "the defendant must then give a legitimate, nondiscriminatory reason for the employment decision." *Johnson*, 351 F.3d at 621. If the employer can proffer such a reason, to continue with the suit, "the plaintiff must raise a genuine issue of material fact that shows the defendant's reason may be a pretext for discrimination." *Id.*

Estrade has failed to raise a genuine issue of material fact that her low scores on the KSAs, which prevented her from being included on the Best Qualified List, were merely pretextual. Estrade points only to her educational experience as an indicator that her score on the KSA's should have been higher. "Evidence of the plaintiff's superior qualification is . . . probative of pretext." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 2001). However, "the bar is set high for this kind of evidence." *Id.* We will not "substitute our judgment for the employer in evaluating what types of experience are most valuable for an employee." *E.E.O.C. v. La. Office of Cmty Servs.*, 47 F.3d 1438, 1445-46 (5th Cir. 1995). Estrade's application was reviewed repeatedly by a selection panel, and each time received the same score on the KSAs. A selection panel member testified that

-3-

Estrade did not have the relevant work experience for the position and that her educational experience, a Master's degree in urban studies, was not relevant to the position. Estrade's assertion that her educational background should have warranted a higher KSA score is insufficient to demonstrate that she was qualified for inclusion on the Best Qualified List.

While Estrade refers to "reprisal for her previous participation in EEO activities" in the Statement of Issues Presented for Review, she fails to specify any error by the district court, and indeed, does not discuss reprisal at all in the body of the brief. Because Estrade fails to brief the retaliation claim, it is abandoned. *See* FED. R. APP. P. 28(a)(9); *Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) (deeming a retaliation claim abandoned because the appellant failed to specify any alleged error made by the district court).

Accordingly, the district court's grant of summary judgment is AFFIRMED.